IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAFAEL XAVIER DA SILVA,                    :
             Plaintiff,                      :
                                             :
             v.                              :    Civil No.: 2:26-cv-02416
                                             :
J.L. JAMISON, et al.,                      :
             Defendants.                     :

## ORDER

**AND NOW**, this 21st day of April, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Letter Response in Opposition to Petition for Writ of Habeas Corpus (ECF Nos. 3-4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

---

[1] The Court notes a discrepancy in the Petition regarding the date of Petitioner's entry into the United States. Paragraph 1 states that Petitioner entered on November 8, 2023, while Paragraph 17 states that his entry occurred on November 8, 2022. *See* Pet. for Habeas Corpus ¶ 1, 17. However, this inconsistency does not affect the Court's resolution of the Petition.

When he entered the United States, Petitioner was apprehended by the Department of Homeland Security ("DHS"). *See id.* ¶ 18. DHS initiated removal proceedings against Petitioner, charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for entering the United States without admission or parole, and thereby entitling Petitioner to present an asylum claim with the due process protections provided under 8 U.S.C. § 1229a, which he timely filed on February 28, 2024. *See id.* ¶ 20. After his release from DHS custody, Petitioner lived in Pennsylvania, worked to support his family in Venezuela, and complied with all the conditions of his removal proceedings and immigration release. *See id.* ¶ 19-20. Nevertheless, on or about April 9, 2026, DHS arrested and detained Petitioner. *See id.* ¶ 21.

The Government contends that Mr. Da Silva is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A). The vast majority of federal courts, including this Court, have rejected the Government's arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v.*

1.      Mr. Da Silva is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Mr. Da Silva from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on April 22, 2026;

3.      If the Government chooses to pursue re-detention of Mr. Da Silva pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

*Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

Accordingly, Mr. Da Silva**'s** mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.